UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Excel Homes, Inc.,

    Plaintiff,

v.                                                                                      Case No. 13-14354

Mary Locricchio, Joseph Locricchio,                          Honorable Sean F. Cox
Amanda Bular, GHK of Michigan, Inc.,
and Insight Investment & Development, LLC,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This is a copyright infringement case. Plaintiff Excel Homes, Inc. ("Plaintiff" or "Excel") alleges that Defendants Mary Locricchio ("Mary"), Joseph Locricchio ("Joseph"), Amanda Bular ("Amanda"), GHK of Michigan, Inc. ("GHK"), and Insight Investment & Development, LLC ("Insight") (collectively, "Defendants") unlawfully copied and used Plaintiff's copyrighted architectural drawings and plans.

This case is before the Court on Defendants' Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #10 and #11)[1]. The motions have been fully briefed by the parties. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(1), U.S.D.C., E.D. Mich. For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss.

---

[1] Technically, Defendant GHK filed a separate motion to dismiss from the other Defendants, but GHK relies almost entirely on the other Defendants' brief in support of their motion. GHK did not file a reply brief, while the other Defendants did (Doc. #16). Similarly, Plaintiff filed a separate motion response to Defendant GHK's motion (Doc. #13) but relied largely on its brief in opposition to the other Defendants' motion (Doc. #14).

**BACKGROUND**

Plaintiff Excel Homes, Inc. ("Plaintiff" or "Excel") is a Michigan corporation engaged in the business of designing, developing, constructing and selling residential buildings. (Compl. at ¶ 8). In 2002, Plaintiff hired an architect to create an original technical drawing of plans for a residence called "Sandstone." (Compl. at ¶ 9; Compl. at Ex. A). Those drawings were later revised, and Plaintiff contends that the revisions were copyrighted and registered with the United States Copyright Office. (Compl. at ¶¶ 10, 13; *see also* Copyright Registration Certificate for "Sandstone" Technical Drawing, attached to Compl. at Ex. C).

Plaintiff also created a Brochure ("the Brochure") based on the Sandstone drawings. (Compl. at ¶ 11). Plaintiff registered the Brochure with the United States Copyright Office as well. (Compl. at ¶ 17, *see also* Compl. at Ex. D). Plaintiff claims that it has built numerous residences based on the Sandstone architectural plans, including one home located at 47317 Hidden Meadows Drive, Macomb, Michigan ("the Hidden Meadows home") (Compl. at ¶ 18).

Defendant Mary Locricchio ("Mary") is employed as a real estate agent by Defendant GHK of Michigan ("GHK"), which does business Keller Williams Realty Lakeside. (Pl.'s Resp. at 4, Compl. at ¶ 20). As a real estate agent, Mary viewed Plaintiff's Hidden Meadows home and obtained pictures, the Brochure, and a copy of the copyrighted drawings. (Compl. at ¶¶ 20, 21). At some point, Mary showed the Hidden Meadows home to Defendant Amanda Bular ("Amanda"). (Compl. at ¶ 20). Plaintiff claims in its Response Brief that Amanda had negotiated to purchase Plaintiff's Hidden Meadows home, but a sale never came to pass. (Pl.'s Resp. at 5).

Plaintiff claims that Defendants copied Plaintiff's copyrighted drawings and Brochure in

order to create similar architectural drawings for a residence. (Compl. at ¶ 23).[2] Those infringing plans were allegedly used to build a residence located at 45922 Rapids Drive, Macomb Township, Michigan ("Rapids Drive home"). Defendant Insight Investment and Development ("Insight") built the Rapids Home residence based on the infringing drawings. (Pl.'s Resp. at 6). Plaintiff claims that Amanda Bular eventually purchased the Rapids Drive home from Defendants. (Pl.'s Resp. at 6).

Plaintiff filed its Complaint on October 15, 2013 (Doc. #1). Plaintiff has pleaded five claims against Defendants:

Counts I and II - Copyright Infringement

Count III - Unfair Trade Practices and Unfair Competition

Count IV - Violation of Michigan Consumer Protection Act

Count V - Civil Conspiracy

In lieu of filing answers, Defendants filed their Motions to Dismiss on December 16, 2013. (Doc. #10 and #11). Plaintiff filed a Response (Doc. #13 and #14), and Defendants filed a Reply. (Doc. #16).

**STANDARD OF DECISION**

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

---

[2] While the Complaint makes no reference to Defendant Joseph Locricchio ("Joseph"), Plaintiff appears to claim that Joseph acted as a sort of accomplice to Mary, his wife and co-Defendant. Plaintiff states that Joseph took Plaintiff's architectural plans to another architect to have them copied and altered to remove Plaintiff's identifying information. (Pl.'s Resp. at 5).

3

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

**1) This Court Will Not Consider Additional Documents Or Materials Not Attached To The Pleadings.**

Defendants attached printouts from the Department of Licensing and Regulatory Affairs to their Motion to Dismiss (Defs.' Mo. at Exs. A-C). Plaintiff attached two affidavits as well as various other documents to its Response to Defendants' Motion to Dismiss. Defendants argue in their Reply Brief that this Court is not permitted to consider matters outside the pleadings, like affidavits and other evidence, when considering a 12(b)(6) motion.

Defendants are correct. When adjudicating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must not consider matters outside of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 720 (E.D. Mich. 2003), *citing* Fed. R. Civ. P. 12(b). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment." Fed. R. Civ. P. 12(d). The Court declines to consider the extraneous documents and, therefore, need not convert the present motion to a motion for summary judgment pursuant to Rule 56.

4

**2)  The Court Shall Dismiss Counts One and Two (Copyright Infringement) As To Defendant Amanda Bular.**

Defendants argue that this Court should dismiss Counts One and Two, which contain claims of copyright infringement, to the extent they are pleaded against Defendant Amanda because Plaintiff has not adequately alleged that Amanda committed an act of infringement.  Defendants do not argue that Counts One and Two should be dismissed as to any Defendant other than Amanda.

Plaintiff responds that it does allege that Defendant Amanda was involved in the illegal copying.  In support, Plaintiff points to Counts 22 and 23 of its Complaint, which state that:

> 22.  Defendants had access to Plaintiff's drawings and Brochure.
>
> 23.  Defendants surreptitiously acquired a copy of Plaintiff's drawings and copied those plans and the Brochure to build a residence at 45922 Rapids Drive, Macomb Township, Michigan, for resale and profit to the customer.  See Exhibit E attached hereto.

(Compl. at ¶¶ 22-23).

"The customer" here is Amanda, who purchased the home that was built pursuant to the allegedly infringing architectural plans.  (Pl.'s Resp. at 6).  If this Court were to accept Plaintiff's position that the copying "Defendants" includes Amanda, paragraph 23 makes little sense: "Amanda Bular surreptitiously acquired a copy of Plaintiff's drawings and copied those plans and the Brochure to build a residence . . . for resale and profit to Amanda Bular."  This understanding of paragraph 23 is implausible.  Rather, the more logical reading of paragraph 23 acknowledges Amanda as the customer and all other Defendants as the "surreptitious acquirers" of Plaintiff's drawings.  Thus, the Court finds that Plaintiff has not plausibly alleged that Defendant Amanda Bular committed an act of infringement by copying Plaintiff's drawings.

Plaintiff also argues that Defendant Amanda is guilty of inducing the other Defendants to

5

copy the architectural drawings, i.e. to commit an act of infringement. (Resp. at 9-10). It is true that " . . . one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer." *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). But Plaintiff has only alleged counts involving direct infringement. The Court finds that Plaintiff has failed to plead a count against Defendant Amanda alleging that she is liable for inducing infringement.

Additionally, the Court finds that Plaintiff has failed to allege that Defendant Amanda knew of the alleged infringement taking place. While it may be the case that Defendant Amanda requested that the other Defendants construct a home for her that was similar to Plaintiff's Sandstone-style home, that fact does not establish that Amanda knew the other Defendants would commit an act of copyright infringement to meet her request.

Plaintiff has failed to plausibly allege that Defendant Amanda Bular committed an act of infringement or that she induced any Defendant to commit an act of infringement. Therefore, this Court GRANTS Defendants' Motion to Dismiss Counts One and Two as to Defendant Amanda Bular.

**3)     Plaintiff's State Law Claims Are Preempted By The Copyright Act.**

Plaintiff has pleaded a state law claim against Defendants[3] under the Michigan Consumer Protection Act, and a state common law claim for unfair trade practices and unfair competition.[4]

---

[3] Plaintiff states that Count Four - Michigan Consumer Protection Act - is not brought against Defendant Amanda Bular. (Pl.'s Resp. at p. 14).

[4] Plaintiff does not specify in the Complaint whether Count III is brought pursuant to state law or federal law, common or statutory. However, in its Response Brief, Plaintiff argues

Defendants argue that the Copyright Act ("the Act") preempts these claims. (Defs.' Mo. at 7-11).

The Act contains an express preemption provision that states:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). Section 301 makes clear that "[n]othing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to . . . activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . ." 17 U.S.C. § 301(b)(3).

Based on these statutes, courts have explained that "a state common law or statutory claim is preempted if: (1) the work is within the scope of the subject matter of copyright, as specified in 17 U.S.C. § 102, 103; and, (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001).

The "equivalency" requirement embedded in the Act's preemption provision asks whether the state common law or statutory right at issue asserts rights equal to the rights guaranteed to a

---

that it has an unfair competition claim under federal law pursuant to the Lanham Act, 15 U.S.C. § 1125. (Pl.'s Resp. at 12). Plaintiff makes no mention of the Lanham Act in its Complaint. To the extent that Plaintiff is attempting to plead a cause of action pursuant to the Lanham Act, the Court finds that it has failed to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" under the Lanham Act. FED. R. CIV. P. 8(a)(2). Thus, this Court rejects Plaintiff's characterization of its unfair competition claim and consider it as a state common law unfair competition claim. *See* Def.'s Reply at 6.

7

copyright owner by section 106 of the Act.[5] If the state law right and the exclusive right under the Act completely overlap, the state law claim is preempted. If the state law right requires a plaintiff to prove an "extra element" in addition to the infringing act of reproduction, performance, distribution or display, and the extra element changes the nature of the action, then the state claim is not equivalent and not preempted. *See Taco Bell*, 256 F.3d at 455-56.

The parties appear to agree that Plaintiff's architectural drawings are of a subject matter that falls within the scope of copyright protection.[6] The parties dispute whether Plaintiff's asserted state law rights are equivalent to the rights afforded by copyright such that the state law claims are preempted by federal copyright law.

**A)** **The Copyright Act Preempts Plaintiff's State Law Unfair Competition/Unfair Trade Practices Claim.**

---

[5] Section 106 of the Copyright Act, entitled "Exclusive rights in copyrighted works," states:
> Subject to sections 107 through 121, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
> (1) to *reproduce* the copyrighted work in copies or phonorecords;
> (2) to prepare *derivative works* based upon the copyrighted work;
> (3) to *distribute* copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to *perform* the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to *display* the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. 106 (emphasis added).

[6] Indeed, Plaintiff's architectural drawings are within the scope of copyright protection. "As drawings of a 'technical character', architectural drawings are recognized as protected by the copyright laws." *Robert R. Jones Assocs., Inc. v. Nino Homes*, 686 F. Supp. 160, 162 (E.D. Mich. Apr. 15, 1987).

Plaintiff's Complaint contains a claim for "Unfair Trade Practices and Unfair Competition." (Compl. at p. 5, Count III). In Count Three, Plaintiff alleges that

> 35. Defendants have unfairly taken advantage of the knowledge and skill of Plaintiff and the goodwill developed by Plaintiff.
>
> 36. Defendants [sic] residence at 45922 Rapid Drive is commercially indistinguishable from Plaintiff's design, and Defendants have been and will be able to pass off and construct Defendant's product as that of Plaintiffs [sic]. See Exhibit E attached hereto.
>
> 37. The acts of Defendants in copying and causing the construction of a residential home substantially similar to that of Plaintiff bearing a copyrighted design, departs from good faith and honest fair dealing, and constitutes inequitable conduct, unfair trade practices and unfair competition, and Defendants' have misappropriated Plaintiff's goodwill.

(Compl. at ¶¶ 35-37). Defendants argue that Plaintiff's unfair competition claim is preempted by the Copyright Act because "[n]o additional elements over infringement are alleged." (Defs.' Mo. at 9).

"The Copyright Act has previously been held to preempt unfair competition claims under state law when the claims are 'grounded solely in the copying of a plaintiff's protected expression.'" *Nat'l Bus. Dev. Srvcs., Inc. v. American Credit Educ. & Consulting, Inc.*, 2008 WL 186367 at *4 (E.D. Mich. Jan. 18, 2008) (Zatkoff, J.), *quoting Artie Fields Prods., Inc. v. Channel 7*, 1994 WL 559331 (E.D. Mich. June 10, 1994); *see also RSR Sales, Inc. v. Lowe's Companies, Inc.*, 2013 WL 1858592 at *3 (E.D. Mich. May 2, 2013) (Drain, J.). On the other hand, courts have found that state law unfair competition claims are not preempted by the Copyright Act when they are based on "breaches of confidential relationships or fiduciary duties and trade secrets." *Id.*

Here, Plaintiff has not alleged that Defendants' actions are based on breaches of confidential relationships, fiduciary duties, or trade secrets. Plaintiff's Complaint makes clear that its injury

9

derives solely from Defendants' alleged copying of Plaintiff's copyrighted drawings. Therefore, because the Court finds that Plaintiff has not pleaded an "extra element" necessary to save its state law unfair competition claim from preemption, the Court shall GRANT Defendant's Motion and DISMISS Count Three of Plaintiff's Complaint.

> **B) The Copyright Act Preempts Plaintiff's Michigan Consumer Protection Act Claim.**

Plaintiff's Complaint contains a claim against Defendants[7] for violation of the Michigan Consumer Protection Act.[8] In Count Four, Plaintiff alleges:

> 40. That Defendants have violated MCLA 445.903(1)(a) by causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.
>
> 41. That Defendants have violated MCLA 445.903(1)(c) by representing that their goods or services have the sponsorship approval, characteristics, or qualities that they do not have or that a person has the sponsorship approval, status, affiliation or connection that he or she does not have.

(Compl. at ¶¶ 40-41). Defendants argue that this claim is preempted because it does not require Plaintiff to prove an "extra element" above and beyond its copyright infringement claim.

Plaintiff responds that "a violation of the Michigan Consumer Protection Act requires an extra element . . . that Defendants [sic] acts do such things as 'cause a probability of confusion or misunderstanding . . . ." (Resp. at 12). This argument has been rejected by other courts in similar cases. *Masck v. Sports Illustrated*, 2013 WL 2626853 at *5 (E.D. Mich. June 11, 2013) (Drain, J.), *citing Tenneco Auto Operating Co. Inc. v. Kingdom Auto Parts*, 2009 WL 1438834 (E.D. Mich.

---

[7] Plaintiff states that Count Four - Michigan Consumer Protection Act - is not brought against Defendant Amanda Bular. (Pl.'s Resp. at p. 14).

[8] M.C.L. § 445.901, *et. seq.*

10

May 18, 2009), *aff'd* 410 Fed. App'x 841 (6th Cir. 2010) ("To the extent that plaintiff alleges copying, this [MCPA] claim is also preempted by the Copyright Act."); *see also RSR Sales*, 2013 WL 1858592 at *3 ("While Plaintiff avoids using the word "copy" that is exactly what is alleged. The confusion and misrepresentation arises from the copying of Plaintiff's [copyrighted work], which is the essence of Plaintiff's copyright claim.").

At base, Plaintiff's MCPA claim appears to rely on an injury caused solely by Defendants' alleged copying of Plaintiff's architectural drawings. Plaintiff has failed to provide this Court with any cases in which a court has allowed an MCPA claim based on copying to proceed alongside a copyright infringement claim. Rather, the only authority cited by either party has held that an MCPA claim, like Plaintiff's here, is preempted by the Copyright Act. (*See* Defs.' Mo. at 10).

Moreover, Plaintiff does not point to any facts in the Complaint to support the notion that Defendants caused confusion between its homes and Plaintiff's homes. Nor does Plaintiff point to any facts to suggest that Defendants misrepresented the sponsorship or characteristics of their homes. Plaintiff merely recites the statutory language of the MCPA. The Court finds that Plaintiff has failed to plead an "extra element" in its MCPA claim to avoid preemption by the Copyright Act. Thus, the Court shall GRANT Defendants' Motion to Dismiss Count Four of Plaintiff's Complaint because Plaintiff's MCPA claim is preempted by the Copyright Act.[9]

**4)     The Court Shall Dismiss Count Five (Civil Conspiracy) of Plaintiff's Complaint.**

Plaintiff agrees to withdraw its claim for Civil Conspiracy contained in Count Five of the

---

[9] Defendants have argued, in the alternative, that this Court should dismiss Plaintiff's MCPA claim because the Michigan Occupation Code authorizes Defendants' conduct about which Plaintiff complains. Because the Court holds that the MCPA claim is preempted by the Copyright Act, the Court declines to address this argument.

Complaint. (Resp. at 14). Therefore, the Court shall GRANT Defendant's Motion to Dismiss Count Five of Plaintiff's Complaint.

## CONCLUSION & ORDER

For the reasons set forth above, this Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6):

1) Counts One and Two (Copyright Infringement) Against Defendant Amanda Bular are DISMISSED;

2) Count III (Unfair Trade Practices/Unfair Competition), Count IV (MCPA), and Count V (Civil Conspiracy) of Plaintiff's Complaint are DISMISSED.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

12